UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-17-10

---------------------------------------------------------------x

FRANK OWENS,

                     Plaintiff,

      v.

GAFFKEN & BARRIGER FUND, LLC, *et al.*,

                Defendants.

CASE No. 08-CIV-8414 (KPC)
ECF Case

---------------------------------------------------------------x



**CIVIL CASE MANAGEMENT PLAN
AND SCHEDULING ORDER**

     This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Rule 26(0(3), Fed. R. Civ. P.

1.     All parties do not consent to conducting all further proceedings before a Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c).

2.     This case is to be tried to a jury.

3.     The parties do not anticipate amending pleadings or adding any additional parties at this time. Amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or to join additional parties shall be filed within thirty (30) days from the date of this Order.

4.     Initial disclosures, pursuant to Rules 26(a)(1), Fed. R. Civ. P., shall be completed not later than **twenty-one (21) days** from the date of this Order.

5.     All fact discovery shall be completed no later than June 30, 2010.

6.     The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above:

     a.     Initial requests for production of documents to be served by <u>March 30, 2010.</u>

b.     Interrogatories to be served by <u>March 30, 2010</u>.

c.     Depositions to be completed by <u>June 30, 2010</u>.

d.     Requests to Admit to be served no later than <u>April 30, 2010</u>.

7.    a.     All expert discovery shall be completed no later than <u>August 15, 2010</u>.

     b.     No later than thirty (30) days prior to the date in paragraph 5, i.e. the completion of all fact discovery, the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 7(a).

8.    All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements, except that motions in limine may be made without a premotion conference on the schedule set forth in paragraph 11. Pursuant to the authority of Rule 16(c)(2), Fed. R. Civ. P., any motion for summary judgment will be deemed untimely unless a request for a premotion conference relating thereto is made in writing within fourteen (14) days of the date in paragraph 5, i.e., the close of fact discovery.

9.    All counsel must meet face-to-face for at least one hour to discuss settlement within fourteen (14) days following the close of fact discovery.

10.    a.     Counsel for the parties have discussed an informal exchange of information in aid of an early settlement of this case and have agreed upon the following:

     Document discovery exchanged by the parties in a related proceeding, FINRA Arbitration No. 08-02537, Owens v. Barriger & Barriger, will be treated by the parties as part of the document production in this case, without the need for any party to re-produce those materials. The parties agree that these documents will be subject to the confidentiality provisions in the parties' stipulated protective order.

     Likewise, financial documents previously exchanged during informal settlement discussions (but not the correspondence between counsel regarding those documents) will also be considered as part of the document production in this case, without the need for any party to re-produce them, and those materials will remain subject to the confidentiality provisions of the parties' protective order.

     The parties reserve all objections to the use or introduction of any document at trial or on motion (including the aforementioned categories of documents that need not be reproduced), on the basis of relevance, admissibility or on any other grounds.

- 2 -

b.  Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii) retention of a privately retained mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case: a settlement conference before a Magistrate Judge.

c.  Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph b, be employed at the following point in the case: **[Defendants :after the close of fact discovery] [Plaintiff: within 30 days of the Order.]**

d.  The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

11.  Counsel for the parties have agreed that, subject to the provisions of paragraph 8 (requiring a pre-motion conference), dispositive motions or renewed dispositive motions will be filed thirty (30) days following the close of fact and expert discovery (whichever is later).

12.  The Final Pretrial Submission Date is thirty (30) days following the close of fact and expert discovery or thirty (30) days after a decision is reached by the Court on motions for summary judgment, if any are filed (whichever is later). By the Final Pretrial Submission Date, the parties shall submit a Joint Pretrial Order prepared in accordance with the undersigned's Individual Practices and Rule 26(a)(3), Fed. R. Civ. P. Any motions in limine shall be filed after the close of discovery and before the Final Pretrial Submission Date and the premotion conference requirement is waived for any such motion. If this action is to be tried before a jury, proposed voir dire, jury instructions and verdict form shall also be filed by the Final Pretrial Submission Date. Counsel are required to meet and confer on a joint submission of proposed jury instructions and verdict form, noting any points of disagreement in the joint submission. Jury instructions may not be submitted after the Final Pretrial Submission Date, unless they meet the standard of Rule 51(a)(2)(A), Fed. R. Civ. P. If this action is to be tried to the Court, proposed findings of fact and conclusions of law should be submitted by the Final Pretrial Submission Date.

13.  Counsel for the parties have conferred and their present best estimate of the length of trial is: twelve to fifteen (12-15) court days.

14.  Other items, including those in Rule 26(f)(3): The parties anticipate early dispositive motion practice and will submit shortly a proposed briefing schedule for motions for summary judgment for the Court's consideration.

- 3 -

By: _____

    Robert A. Giacovas (RG-8375)
    Lazare, Potter & Giacovas LLP
    950 Third Avenue
    New York, NY 10022
    212.758.9300

    *Counsel for Plaintiff Frank Owens*

By: _____

    Donald Dinan (DD-7985)
    Roetzel & Andress
    1300 Eye Street, N.W.
    Suite 400
    Washington, D.C.  20006
    202.625-0600

    *Counsel for Defendants The Gaffken &*
    *Barriger Fund LLC and Lloyd*
    *Barriger*

By: _____

    John E. Jureller, Jr. (JJ-4697)
    Klestadt & Winters, LLP
    292 Madison Avenue
    17th Floor
    New York, NY  10017-6314
    212.972.3000

    *Counsel for Defendants Lloyd V.*
    *Barriger,  G&B Partners, Inc. and*
    *Bridgeville Management, LLC*

- 4 -

###########################################################################

## TO BE COMPLETED BY THE COURT:

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling
Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

15.   [Other]   *I will not waste the time of our Magistrate Judge where both sides are unwilling to discuss settlement. I will not at any time grant a time out from the schedule should deposits, in the future, have a change of heart. Parties should retain a private mediator now.*

16.   The next Case Management Conference is scheduled for July 2, 2010 at 11:00 am.

This ORDER may not be modified or the dates herein extended, except by further Order
of this Court for good cause shown.  Any application to modify or extend the dates herein
(except as noted in paragraph 6) shall be made in a written application in accordance with
paragraph 1(C) of the Court's Individual Practices and shall be made no less than five (5) days
prior to the expiration of the date sought to be extended.

P. Kevin Castel
United States District Judge

DC-1399850 v2